UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GARY R. GAUTHIER, JR., | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil No. 06-194-P-S |
| ANDROSCOGGIN COUNTY JAIL ADMINISTRATION, | ) ) ) ) |
| Defendant | ) ) |

*Recommended Decision on Plaintiff's Motion for Summary Judgment (Docket No. 39) and Order on Request for Hearing (Docket No. 40)*

Gary Gauthier, the pro se plaintiff in this civil rights action, has filed a motion for summary judgment (Docket 39) unaccompanied by a separate statement of material facts. He has also filed a motion requesting a hearing. (Docket No. 40.) The defendant, the Androscoggin County Jail Administration has filed an objection to Gauthier's motion for summary judgment emphasizing its failure to comply with District of Maine Local Rule 56(b). It has also objected to the motion for a hearing. The defendant has also filed its own motion for summary judgment to which Gauthier has responded and which I address in a separate recommended decision. I now deny Gauthier's motion for a hearing and recommend that the Court deny Gauthier's motion for summary judgment.

*Discussion*

*Motion for Summary Judgment*

The First Circuit has "consistently held that a litigant's 'pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.'" F.D.I.C. v.

Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994) (quoting United States v. Heller, 957 F.2d 26, 31 (1st Cir.1992), quoting Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir.1991)). "This applies with equal force to a district court's procedural rules." Id.; see also Ruiz Rivera v. Riley, 209 F.3d 24, 27 -28 & n.2 (1st Cir. 2000); Posadas de Puerto Rico, Inc. v. Radin, 856 F.2d 399, 401 -02 (1st Cir. 1988).

> Rule 56 of the District of Maine Local Rules provides:
>
> (b) Supporting Statement of Material Facts
> A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, each set forth in a separately numbered paragraph(s), as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables and shall be supported by a record citation as required by subsection (f) of this rule.

Dist. Me. Loc. R. 56(b). Subsection (f) of Local Rule 56 provides:

> (f) Statement of Facts Deemed Admitted Unless Properly Controverted; Specific Record of Citations Required
> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Dist. Me. Loc. R. 56(f).

Gauthier's motion for summary judgment simply cross-references the paragraphs of his amended complaint and reiterates the legal contours of his claims in reference to his complaint allegations. Gauthier has also filed six attachments: the defendant's response to Gauthier's interrogatories; a sealed jail diagram; his inmate classification

record; a copy of a segregation log; and two portions of the jail's policy and procedure manual that cover mail and access to library services.

Although this court will lean over backward to be tolerant towards a pro se litigant's summary judgment filings, it is impossible in this instance for the defendant to compose any reasonable factual response to Gauthier's summary judgment motion.  I am not so troubled by the conclusion that Gauthier's own motion must be denied given the fact that Gauthier has fully responded to the defendant's own motion for summary judgment (which generously construed Gauthier's claims) and has done so with remarkable facility.  In my view, the resolution of that motion for summary judgment is not hindered by Gauthier's pro se status and gives a full airing of the factual and legal merits of his claims.[1]

### *Motion for Hearing*

In his motion for a hearing Gauthier writes:

> I, Plaintiff Gary R. Gauthier, Jr. Respectfully request an oral hearing before the Court in regards to the enclosed motion for summary judgment.
> Unfortunately, I am not an attorney and due to the unusual circumstances of my incarceration, I feel it is necessary to discuss this motion with your honor.  I am not able to gain access to my witnesses, affidavits and other necessary documents to get a fair decision on my motion for summary judgment.  At trial, my witnesses will help me prove many elements of my claims due to the lack of discovery relating to Mr. Thomas Dyer that I was not able to receive from the Defendant due to confidentiality issues.

(Mot. Hearing at 1.)   In his reply to the defendant's objection to this request Gauthier explains:

---

[1] When necessary I have taken into consideration in setting forth my recommendation on the defendant's motion the argument and attachments Gauthier has filed with this motion.  See Ricci v. Applebee's Northeast, Inc., 297 F.Supp.2d 311, 321 (D. Me. 2003), clarified respecting other issues, 301 F. Supp. 2d 51 (D. Me. 2004).

3

> It has been a struggle these past months to obtain complete discovery and gain access to witnesses who at trial, would help Plaintiff prove many elements of his claims. The Defendant stated in his objection that motions are generally resolved by the Court without oral argument. Realizing these are unusual circumstances and because of the Plaintiff's incarceration, Plaintiff respectfully asks the Court to grant him the chance to present his case.

(Reply Mot. Hearing at 1.)

What Gauthier really is requesting is not oral argument on the merits of his summary judgment motion, but a chance to call fact witnesses. What he really wants is a trial. Under the summary judgment protocol of today's federal practice, this court is not empowered to grant Gauthier this wish. Gauthier may feel limited, as a pro se incarcerated plaintiff, in his ability to clear the summary judgment hurdles. In actuality Gauthier has responded to summary judgment practice in an admirable fashion. Ultimately, in the companion recommended decision, I do recommend granting summary judgment to the defendant, but that recommendation is not based upon any procedural deficiencies in Gauthier's materials. His complaint is what it is, and it fails not because of technical inadequacies but because the facts and the law do not support his claims. His situation is not so unusual that this court can discount the defendant's summary judgment efforts -- both with respect to its response to this motion and its own dispositive motion -- and convene a trial.

I also note that Gauthier used the discovery process available to him with great dexterity. During discovery he sought and obtained two telephone conferences with the court where I addressed his timely discovery issues. In both instances I granted Gauthier some of the relief he sought over the defendant's objections. (Docket Nos. 20 & 25.) Gauthier's discovery requests were denied in their entirety only after the discovery

4

deadline has lapsed (see Docket No. 35) and Gauthier sought additional discovery because he disagreed with the responses produced by defendants. It appeared to me that Gauthier wanted the documents produced to say something other than what they said about a fellow prisoner's classification. Further discovery would not have changed the nature of these documents.

## *Conclusion*

For the above reasons I deny Gauthier's motion for hearing (Docket No.40) and recommend that the Court deny Gauthier's motion for summary judgment (Docket No. 39).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 18, 2007                                        /s/Margaret J. Kravchuk
                                                     U.S. Magistrate Judge